UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE D. MESARAMOS,<br>　　　　　Petitioner,<br>　　v.<br>RICK HILL,<br>　　　　　Respondent. | Case No. 22-cv-05486-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 9 |

## INTRODUCTION

Petitioner Jose D. MesaRamos seeks federal habeas relief under 28 U.S.C. § 2254 from his California state convictions and for the state's denials of his resentencing petitions. As respondent points out in his motion to dismiss, the habeas petition fails to state a claim for relief. His claim that the murder liability theory under which he was convicted is now invalid is without factual support; his claim that his life sentence without parole violates Supreme Court precedent is also without factual support; and his claims that he is entitled to sentencing reductions or a hearing under youth offender laws are state law claims that were rejected by the state courts. Furthermore, to the extent that the petition challenges his 2009 state convictions (other than the murder liability theory and resentencing claims), it is untimely. MesaRamos had until September 26, 2013 to file a timely federal habeas petition, but he did not file the present federal habeas action until 2022. He is not entitled to any statutory tolling because his state habeas petitions were filed after the September 26, 2013 deadline, and he has not made any contention that he is entitled to equitable tolling. As discussed below, the motion to dismiss is GRANTED and the petition is DISMISSED for failure to state a claim for relief and as untimely.

**BACKGROUND**

In 2009, an Alameda County Superior Court jury convicted MesaRamos of first degree murder (Cal. Penal Code §§ 187-189), two counts of attempted murder (*id.* §§ 187, 664), and auto theft (Cal. Vehicle Code § 10851(a)). (Mot. to Dismiss (MTD), State Appellate Opinion, Dkt. No. 9-1 at 2-3.)[1] Various sentencing enhancement allegations were found true. (*Id.* at 3.) A sentence of life in prison without the possibility of parole, two consecutive determinate terms of seven years, two consecutive terms of 25 years to life, a 20-year term for the firearm enhancements, plus an additional two-year term, was imposed. (*Id.*) His convictions were affirmed on direct appeal (*id.*), and the state supreme court denied his petition for review on June 27, 2012, (State Supreme Court Order, Dkt. No. 9-2 at 2). Ninety days later, on September 25, 2012, his convictions became final. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

MesaRamos had until September 26, 2013, to file a habeas petition within AEDPA's one-year limitations period. The pending habeas action was not filed until 2022. His first state habeas petition was not filed until 2018.[2] (MTD, Dkt. No. 9 at 2.) His other petitions for resentencing and for other forms of relief were filed in 2019 and after. (*Id.*)

After I issued an Order to Show Cause regarding the petition, respondent filed the pending motion to dismiss, which is the subject of this Order. In his reply to petitioner's opposition, respondent notes the following:

> On the subject of timeliness, petitioner's rejoinder is unclear. As we noted in our motion to dismiss, petitioner states that his petition challenges his 2009 judgment of conviction, and has styled his claims consistently. Dkt. 9 at 3; Dkt. 1 at 1-2. In his opposition, petitioner states that while his petition

---

[1] *People v. Ledesma, et al.*, No. A125441, 2012 WL 1200921 (Cal. Ct. App. April 10, 2012).

[2] Respondent asserts that the first habeas petition was filed in 2018, but I do not see in the record a copy of the filing to which he refers. However, MesaRamos does not dispute that 2018 was the year in which he filed his first state petition for collateral review. Also, the state petitions he refers to in his federal petition were filed in 2021 at the earliest. (Pet., Dkt. No. 1 at 3-4.)

challenges his 'original conviction,' he 'does not challenge the core of his conviction from the jury finding,' but instead 'the retroactive application of Senate Bills 1437 and 775 in order to receive the benefit of a lesser sentence from not being the actual killer.' Dkt. 12 at 2.

(Reply, Dkt. No. 9 at 2.)

## DISCUSSION

### i. Merits

As grounds for federal habeas relief, MesaRamos claims that (a) the murder liability theory under which he was convicted is now invalid; (b) his life sentence violates the prohibition against mandatory life sentences for persons under the age of eighteen; (c) he is entitled to a sentence reduction owing his youth offender status; and (d) he is entitled to a youth offender hearing. None of these claims has merit.

### a. Natural and Probable Consequences Theory

MesaRamos claims that he suffered a miscarriage of justice because he was prosecuted under the now-discarded natural and probable consequences (felony murder) theory of liability.[3] (Pet., Dkt. No. 1 at 5, 7-15.) This claim is without merit; as pointed out by the state courts, he was not convicted under that theory of liability but rather under the still valid theory of aiding and abetting. (State Appellate Opinion Regarding Resentencing, Dkt. No. 9-4 at 2, 14.) Because there is no factual basis for his claim, the state's rejection of this claim was reasonable, and is entitled to AEDPA deference. The claim is DENIED.

### b. Reduction of Life Without Parole Sentence

MesaRamos claims that he is entitled to a reduction of his sentence of life without parole under *Miller v. Alabama*, 567 U.S. 460 (2012), which held that mandatory life sentences for those under the age of eighteen violated the Eighth Amendment. (Pet., Dkt. No. 1 at 15ff.) This claim is without merit because MesaRamos was eighteen when he

---

[3] In 2019, California Senate Bill 1437 "made significant changes to the scope of murder liability for those who were neither the actual killers nor intended to kill anyone, including certain individuals formerly subject to punishment for a felony-murder theory." *People v. Strong*, 13 Cal. 5th 698, 707 (Cal. 2022).

committed his crimes.  (MTD, Dkt. No. 9 at 5; Alameda Superior Court Order, Dkt. No. 9-8 at 52; Petition for Review, Dkt. No. 9-7 at 14.)  Because there is no factual basis for his claim, the state's rejection of this claim was reasonable, and is entitled to AEDPA deference.  The claim is DENIED.

### c. Youth Offender Hearing

MesaRamos claims that California Assembly Bill 1308 entitles him to a reduction in his sentence or a youth offender hearing.  (Pet., Dkt. No. 1 at 16, 25.)  The state superior court rejected this claim:  "Defendant is not entitled to a youth offender parole hearing because he was over 18 years of age at the time he committed the offenses and was sentenced to life without the possibility of parole."  (State Superior Court Order, Dkt. No. 9-8 at 52.)  The state appellate and supreme courts also rejected this claim.  (*Id.* at 56, 60.)

Measramos's claim, which is based entirely on state law, cannot succeed.  Habeas relief is not available for violations of state law, even if state law were erroneously interpreted or applied.  *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).  Moreover, the state court's decision that state law was correctly applied binds this federal habeas court.  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).  The state's rejection of this claim was reasonable, and is entitled to AEDPA deference.  The claim is DENIED.

### d. Franklin Hearing

MesaRamos claims that he is entitled to a youth offender parole hearing under *People v. Franklin*, 63 Cal. 4th 261 (2016), a case that is based on the United States Supreme Court *Miller* decision.  (Pet., Dkt. No. 1 at 5, 24-27.)  The state superior court rejected this claim:  "Defendant is not entitled to such a hearing."   (State Superior Court Order, Dkt. No. 9-8 at 53.)  The state appellate and supreme courts also rejected this claim.  (*Id.* at 56, 60.)

MesaRamos's claim, which is based entirely on state law, cannot succeed.  Habeas relief is not available for violations of state law, even if state law were erroneously interpreted or applied.  *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).  And the state court's decision that state law was correctly applied binds this federal habeas court.

*Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). The state's rejection of this claim was reasonable, and is entitled to AEDPA deference. The claim is DENIED.

### ii. Timeliness of the Petition

To the extent MesaRamos raises any claims regarding his 2009 state convictions (other than the murder liability theory and resentencing claims), they are untimely.

#### a. Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). This one-year clock starts ticking 90 days after direct state review is final. "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen*, 188 F.3d at 1159.

#### b. Timeliness Without Tolling

MesaRamos had until September 26, 2013 — one year after his state convictions became final — to file a timely habeas petition. The petition was filed in 2022, which is well after the September 26, 2013 deadline. Unless MesaRamos is entitled to statutory or equitable tolling, this federal habeas petition is untimely.

#### c. Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). Because MesaRamos's state petitions

1   were filed after AEDPA's statute of limitations expired on September 26, 2013, they

2   cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.

3   2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart

4   the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the

5   limitations period is expired, collateral petitions can no longer serve to avoid the statute of

6   limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). MesaRamos is

7   not entitled to statutory tolling.

### d. Equitable Tolling

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). Equitable tolling is not granted as a matter of course. In fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* (citation omitted).

MesaRamos makes no contention regarding equitable tolling, let alone offered support for a contention that he has been acting diligently and that some extraordinary circumstance prevented timely filing. He has not shown he is entitled to equitable tolling.

### CONCLUSION

Respondent's motion to dismiss the petition for failure to state a claim for relief and as untimely is GRANTED. (Dkt. No. 9.) The petition is DISMISSED.

A certificate of appealability will not issue. MesaRamos has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall terminate all pending motions, enter judgment in favor of

6

respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** November 6, 2023



WILLIAM H. ORRICK
United States District Judge

7